UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

HRACH NIKOGHOSYAN                    CIVIL ACTION NO. 13-473
    A# 079-282-090                           SECTION P

VS.                                                      JUDGE MINALDI

U.S. ATTORNEY GENERAL                 MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Before the court is a petition for writ of *habeas corpus* filed on March 5, 2013, by *pro se* petitioner, Hrach Nikoghosyan, pursuant to 28 U.S.C. §2241.  Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE).  He is presently detained at the Federal Detention Center, Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Petitioner is a native and citizen of Armenia and a lawful permanent resident of the United States.  He entered the United States as a nonimmigrant visitor in 2000 and was granted asylum in 2001.  Doc. 1, att. 1, p. 8.  He became a permanent resident in 2006.  *Id.*

In 2009 petitioner was convicted in the U.S. District Court, Southern District of Florida, of access device fraud and theft of U.S. postage stamps.  *Id.*  He was sentenced to 90 months

imprisonment.  *Id.*  On June 21, 2012, he was found removable for having committed aggravated felonies.  *Id.* at p. 14.

Petitioner appealed the Immigration Judge's denial of deferral of removal.  *Id.* at pp. 7-10.  On December 4, 2012, the Board of Immigration Appeals (BIA) remanded the matter to the Immigration Judge for a new finding on credibility, among other things.  *Id.*  On February 4, 2013, the Immigration Judge found that petitioner was not credible and denied him relief under the Convention Against Torture.  *Id.* at pp. 13-17.

Through this §2241, petitioner is challenging the validity of his removal based upon his claim that he has a bona fide challenge to removal and a strong argument that he has a right to continue living in America.  He seeks release with supervision.  Doc. 1, p. 8.

### *Law and Analysis*

At the outset, this court must consider whether it has jurisdiction to review petitioner's challenge to his removal order.

On May 11, 2005, Congress enacted the REAL ID Act of 2005.  (See Pub.L.No.109-13, 119 Stat. 231).  Section 106(a) of the REAL ID Act of 2005, codified at 8 U.S.C. § 1252, amends the Immigration and Nationality Act by providing that a petition filed in the appropriate court of appeals is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order.[1]   It is therefore clear that this court lacks jurisdiction to consider this *habeas corpus* petition which, in actuality, challenges petitioner's order of removal.

---

[1] Title 8 U.S.C. § 1252(a)(5) provides: "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter …" (emphasis added).

Finally, since this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act which allows a district court to transfer a case that was pending on the date of the enactment to the appropriate court of appeals is not applicable to this case.

Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DENIED** and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 23rd day of May, 2013.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE